**Reyna Bahena MATA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70698.

United States Court of Appeals, Ninth Circuit.

July 3, 2006.

Reyna Bahena Mata, Ojai, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Agency No. A79–532—916.

Before: PREGERSON, TALLMAN and CALLAHAN, Circuit Judges.

### ORDER

PER CURIAM.

We have reviewed the petition for review, stay motion, and response to the order to show case, including petitioner's due process challenge. Although petitioner challenges the Immigration Judge's finding that the children may not be petitioner's, the Immigration Judge made the alternate holding that: "Assuming that they are [petitioner's children], the Court finds that the petitioner, nevertheless, has not met her burden in establishing exceptional and extremely unusual hardship would result to those two children." Therefore, even if we held in petitioner's favor on her due process argument, she would still lose her petition for review.

Accordingly, we conclude that petitioner has failed to raise a colorable constitutional claim to invoke our jurisdiction over this petition for review under the REAL ID Act, Pub.L. No. 109–13, Div. B, 119 Stat. 231 (2005). *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). We dismiss this petition for review for lack of jurisdiction because we lack jurisdiction to review the Immigration Judge's discretionary determination that petitioner did not demonstrate that his removal would result in exceptional and extremely unusual hardship to a qualifying relative under 8 U.S.C. § 1229b(b)(1)(D). *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir. 2005); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir.2002).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

**DISMISSED.**

PREGERSON, Circuit Judge, dissenting:

I dissent. This case, and the sixty-four others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process

because circumstances will force children to suffer de facto expulsion from the country of their birth or forego their constitutionally protected right to remain in this country with their family intact. *See, e.g., Moore v. City of E. Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment").

Furthermore, as a nation we should recognize that many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.